**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Zhongshan Qushi Electronic Commerce Co., Ltd. d/b/a Amosijoy,** | **Case No. 1:24-cv-12803** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **Graham Alexander Steven,** | |
| Defendant. | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Zhongshan Qushi Electronic Commerce Co., Ltd. d/b/a Amosijoy ("Plaintiff" or "Amosijoy") brings this complaint against Graham Alexander Steven ("Defendant" or "Steven"), an individual, and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment of non-infringement and invalidity arising under the trademark laws of the United States, 15 U.S.C. §1114, *et seq.*

2.      Plaintiff requests this relief because Defendant recently accused Plaintiff of trademark infringement.   Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed a complaint with Amazon against Plaintiff, alleging that Plaintiff's household beds for pets ("Accused Product") infringe U.S. Registration No. 7,522,422 ("the '422 Mark") (attached as Exhibit A).   Plaintiff received notice regarding this Amazon complaint on November 29, 2024.  See Exhibit B.  Under the trademark infringement notice program, Amazon will remove product listings from its marketplace if an individual or entity submits a report alleging that a product's listings infringe its intellectual property rights and Plaintiff cannot resolve the

1

claim with the trademark owner (*i.e.*, Defendant). The parties have tried but were unable to reach a compromise.

3.    An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Accused Product has not infringed, or otherwise violated the trademark or other intellectual property rights, of Defendant under U.S. or applicable state law.

4.    An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's trademark is invalid.

5.    Defendant's intended assertion of claims of trademark infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe Defendant's trademark and that Defendant's trademark is invalid and/or unenforceable.

## THE PARTIES

6.    Plaintiff, Zhongshan Qushi Electronic Commerce Co., Ltd. d/b/a Amosijoy is a private Chinese company.

7.    Upon information and belief, Defendant is a foreign individual residing in the United Kingdom.

## JURISDICTION AND VENUE

8.    The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 (federal question), 1338(a) (trademark action), 2201 (Declaratory Judgment Act).

9.    This Court has personal jurisdiction over the parties, and venue in this judicial

district is proper under 28 U.S.C. §§ 1391 and/or 1400. This Court has personal jurisdiction over Defendant since, on information and belief, Defendant directly targets business activities toward customers in the United States, including Illinois, through at least the fully interactive e-commerce storefronts on Amazon.com. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offering to ship to the United States, including Illinois, accepting payment in U.S. dollar and, on information and belief, has sold products to residents in Illinois. In addition, Defendant has directed its trademark assertion campaign at Plaintiff by, *inter alia*, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the AMOSIJOY trademark through a private, third-party tribunal (Amazon), impacting Plaintiff's business in the United States, including Illinois. This process carries significant legal and business consequences to Plaintiff based on Defendant's allegations that Plaintiff has infringed the AMOSIJOY trademark by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of Illinois.

10. On or around November 29, 2024, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce trademark enforcement action ("Amazon Complaint") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

11. Unless a declaratory judgment complaint is filed and adjudicated, the Amazon marketplace intends to remove Plaintiff's products consisting of at least ASINs: B09WCY6Q9N, B09WDDGP2V, B0BCF8KMLR, B0CMT5C8XC, B0CNGLY3NP, B0BDYDPLDZ, B0BJZ8YPZD, B0BWDM48GZ, B0BJZLCX6Z, B0CQY8VLZS, B0CCNB65PG, B0CX53K63V, and B0CX4 YWZVH (collectively referred to as the "Accused Products") under

the pretext that the Accused Products may infringe US Trademark 7,522,422 ("the '422 mark") simply because the Amazon complaint filed against Plaintiff's Accused Products.

12. By initiating the Amazon Complaint against Plaintiff, a company with whom Defendant was very familiar, Defendant availed itself of the laws of the state of Illinois and knew that its actions would harm Plaintiff in this district. Defendant's Amazon Complaint constitutes unfair competition directed at Plaintiff and prejudices Plaintiff's ability to conduct business in Illinois. Defendant's acts seek to disrupt the stream of commerce originating in Illinois *vis-a-vis* Plaintiff's goods.

13. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district as Defendant's Amazon Complaint effectively ceased Plaintiff's ability to conduct business in Illinois. The legal rights that were violated as complained of herein exist in Illinois, and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in Illinois.

## **FACTUAL BACKGROUND**

### **A.   PLAINTIFF'S SENIOR USE AND TRADEMARK RIGHTS**

14. Plaintiff has continuously used the AMOSIJOY mark in commerce since at least as early as March 24, 2022:



15.     Plaintiff also owns a valid and enforceable U.S. Trademark Registration for the

AMOSIJOY mark, filed on January 13, 2021, under Registration No. 6,761,869, covering a range

of products, including fitness, exercise, and climbing equipment.  *See* Exhibit C.

**B.     DEFENDANT'S JUNIOR USE AND WRONGFUL ACTIONS**

16.     On October 1, 2024, the United States Patent and Trademark Office (USPTO)

issued the '422 Mark to Defendant, covering goods related to Plaintiff's AMOSIJOY products.

*See* Exhibit A.

17.     Defendant filed the application for the '422 Mark on October 29, 2023, over two

years after Plaintiff's senior use of the AMOSIJOY mark began.  *Compare* Exhibit A with Exhibit

C and Paragraph 14, *supra*.

18.     On or around November 29, 2024, less than two months after the ill-gotten

registration for the '422 Mark, Defendant filed a complaint with Amazon.com, alleging that

Plaintiff's products infringed the '422 Mark, which led to the removal of Plaintiff's listings from the Amazon marketplace. *See* Exhibit B.

19.     The removal of Plaintiff's products from Amazon has caused significant harm to Plaintiff's business, which relies heavily on Amazon for its commercial activities.

### C.     LIKELIHOOD OF CONFUSION

20.     Plaintiff and Defendant's marks are identical in spelling, pronunciation, and commercial impression.

21.     Plaintiff and Defendant market their products to the same target consumer groups and distribute them through overlapping channels.

22.     Defendant's use of the AMOSIJOY mark creates a likelihood of consumer confusion, causing irreparable harm to Plaintiff's reputation, goodwill, and sales.

### D.     INVALIDITY OF THE '422 MARK

23.     As the senior user of the AMOSIJOY mark, Plaintiff has priority rights that predate Defendant's use and registration of the '422 Mark.

24.     On information and belief, Defendant knowingly filed for registration of a mark identical to Plaintiff's, despite Plaintiff's prior rights, in violation of Section 2(d) of the Lanham Act.

25.     Defendant's actions constitute bad faith and abuse of the trademark system, rendering the '422 Mark invalid.

<u>COUNT I</u>
<u>DECLARATORY JUDGMENT OF TRADEMARK NON-INFRINGEMENT</u>

26.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

27.     Plaintiff owns a valid and enforceable U.S. Trademark Registration for the AMOSIJOY mark.

6

28.     Defendant's use of the AMOSIJOY mark without authorization is likely to cause confusion, mistake, or deception among consumers.

29.     Contrary to Defendant's trademark infringement assertions against Defendant, it is Defendant's actions that constitute trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

30.     As the senior user, Plaintiff has not violated Defendant's rights, including any trademark rights, or committed unfair competition, by its use of the AMOSIJOY mark.

31.     Plaintiff has suffered and will continue to suffer irreparable harm, including loss of goodwill and sales, as a result of Defendant's actions.

32.     Plaintiff is entitled to a declaratory judgment that it has not infringed any of Defendant's trademark rights by reason of its use of the AMOSIJOY mark in connection with the household beds for pets because Plaintiff is the senior user of the mark, and owns a federally registered trademark for the same mark that predates Defendant's ill-gotten registered mark by at least two years.

## COUNT II
## CANCELLATION OF THE '422 MARK (15 U.S.C. § 1119)

33.     Plaintiff incorporates the foregoing allegations as though fully set forth herein.

34.     Defendant's '422 Mark is invalid because Plaintiff is the senior user of the AMOSIJOY mark and has priority rights under Section 2(d) of the Lanham Act.

35.     Defendant knowingly filed for registration of a mark identical to Plaintiff's, with knowledge of Plaintiff's prior rights, in bad faith.

36.     Plaintiff respectfully requests that the Court order the cancellation of the '422 Mark under 15 U.S.C. § 1119.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     Declaratory judgment that Plaintiff's use of the AMOSIJOY mark does not constitute trademark infringement under 15 U.S.C. § 1114;

2.     Declaratory judgment that the '422 Mark is invalid.

3.     An injunction against Defendant and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in concert, privity, or participation with any of them ("enjoined parties") as follows:

      A.     Restraining and enjoining, preliminarily and permanently, any assertion of the trademark infringement against Plaintiff; and

      B.     Requiring that Defendant provide written notice of the injunction to Amazon.com to restore the Accused Products currently restrained.

4.     Judgment awarding Plaintiff its attorneys' fees and costs incurred in this action to vindicate its legal rights and to restore its ability to compete fairly.

5.     That Plaintiff be awarded such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: December 12, 2024          Respectfully submitted,

                     /s/Edward L. Bishop
                     Edward L. Bishop
                     ebishop@bdl-iplaw.com
                     Nicholas S. Lee
                     nlee@bdl-iplaw.com
                     BISHOP DIEHL & LEE, LTD.
                     1475 E. Woodfield Road, Suite 800
                     Schaumburg, IL 60173

Telephone: (847) 969-9123
Facsimile: (847) 969-9124

*Counsel for Plaintiff, Zhongshan Qushi Electronic Commerce Co., Ltd. d/b/a Amosijoy*